IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GILBERT DOWDY, 05794-045,**

**Petitioner,**

vs.

**JAMES CROSS, Jr.,**

**Respondent.**                                  Case No. 13-cv-1111-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, an inmate in the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He challenges an "illegal firearm enhancement" allegedly applied to his sentence by the United States District Court for the Western District of Missouri. He also challenges the formula, which he refers to as the "money conversion innovation," used by the district court to calculate his sentence.

    Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. For the reasons set forth below, the petition shall be **DISMISSED**.

**BACKGROUND**

Petitioner was convicted of conspiracy to distribute cocaine and cocaine base, money laundering, and structuring currency transactions in the Western District of Missouri in 1991. *See United States v. Dowdy*, No. 4:90-cn-00026-GAF (W.D. Mo. Apr. 17, 1992). He was sentenced to life imprisonment for conspiracy, ten years for the currency violations, and twenty years for money laundering, with all sentences to run consecutively. *United States v. Turner*, 975 F.2d 490, 492 (8th Cir. 1992). The Eighth Circuit affirmed petitioner's conviction and sentence. *Id*. Petitioner filed a petition for writ of certiorari, which was denied on January 19, 1993. *Dowdy v. United States*, 506 U.S. 1082 (1993). He subsequently launched sixteen collateral attacks on his conviction and sentence in federal courts in Missouri, Kansas, Colorado, and Illinois.[1] He initiated at least as

---

[1] *See Dowdy v. Cross*, 3:10-cv-00624-MJR (S.D. Ill. Aug. 13, 2010); *Dowdy v. United States*, No. 4:09-cv-00466-GAF (W.D. Mo. July 2, 2009) (dismissing § 2255 motion as unauthorized and successive); *Dowdy v. United States*, No. 4:06-cv-00535-GAF (W.D. Mo. June 30, 2006) (same); *Dowdy v. United States*, 4:05-cv-01280-GAF (W.D. Mo. Dec. 30, 2005) (same); *Dowdy v. Conner*, No. 5:04-cv-03062-RDR (D. Kan. Feb. 26, 2004) (dismissing § 2241 petition for lack of jurisdiction); *Dowdy v. United States*, No. 4:01-cv-00479-GAF (W.D. Mo. May 29, 2001) (dismissing § 2255 motion as unauthorized and successive); *Dowdy v. United States*, No. 4:00-cv-00615-GAF (W.D. Mo. June 26, 2000) (same); *Dowdy v. United States*, No. 4:99-cv-00973-GAF (W.D. Mo. Nov. 4, 1999) (same); *Dowdy v. United States*, No. 4:99-cv-00162-GAF (W.D. Mo. Feb. 25, 1999) (same); *Dowdy v. Booker*, No. 1:97-cv-01800-WYD (D. Colo. Nov. 19, 1997) (dismissing petition for writ of habeas corpus); *Dowdy v. Knowles*, No. 1:97-cv-00834-WYD (D. Colo. June 12, 1997) (dismissing petition for writ of habeas corpus without prejudice for failure to pay filing fee); *Dowdy v. United States*, No. 4:97-cv-00618-JES (W.D. Mo. May 23, 1997) (dismissing § 2255 motion as unauthorized and successive); *Dowdy v. Knowles*, No. 1:97-cv-00650-WYD (D. Colo. May 20, 1997) (dismissing petition for writ of habeas corpus); *Dowdy v. Knowles*, No. 1:97-cv-00421-WYD (D. Colo. Apr. 9, 1997) (same); *Dowdy v. United States*, No. 4:94-cv-00410-JES (W.D. Mo. June 15, 1994) (dismissing § 2255 motion as frivolous); *Dowdy v. United States*, No. 4:94-cv-00192-JES (W.D. Mo. Apr. 25, 1994) (dismissing § 2255 motion without prejudice).

many appeals in the Seventh, Eighth, and Tenth Circuits.[2]  Based on this Court's review of petitioner's litigation history, the collateral attacks were uniformly unsuccessful.  The Seventh Circuit warned petitioner that future attempts to file frivolous habeas actions would result in the imposition of sanctions.  *See Dowdy v. Cross*, No. 10-3473 (7th Cir. 2010) (Doc. 17-1, p. 3).

## HABEAS PETITION

Petitioner challenges his conviction and sentence on two primary grounds.  First, he claims that his life sentence resulted from an "illegal firearm enhancement" that the district court applied to him.  Petitioner claims that he was not in possession of a gun while trafficking drugs and was therefore not subject to the sentencing enhancement.  Petitioner relies on *Brown v. Rios*, 696 F.3d 638 (7th Cir. 2012) and *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), in support of his argument that the district court misapplied the then-mandatory

---

[2] *See Dowdy v. Cross*, No. 10-3473 (7th Cir. Oct. 25, 2010) (affirming dismissal of § 2241 petition and threatening to impose sanctions for filing subsequent meritless habeas actions); *Dowdy v. Cross*, No. 10-2786 (8th Cir. Oct. 29, 2010) (construing § 2241 petition as application to file successive and denying request); *Dowdy v. United States*, No. 09-2708 (8th Cir. Sept. 24, 2009) (denying application for certificate of appealability); *Dowdy v. United States*, No. 07-2238 (8th Cir. Oct. 25, 2007) (denying request to file successive § 2255); *Dowdy v. United States*, No. 06-2944 (8th Cir. Aug. 28, 2006) (denying application for certificate of appealability); *Dowdy v. United States*, No. 06-1260 (8th Cir. Mar. 10, 2006) (same); *Dowdy v. Conner*, No. 04-3090 (10th Cir. Nov. 23, 2004) (affirming dismissal of § 2241 petition); *Dowdy v. United States*, No. 04-2669 (8th Cir. Nov. 17, 2004) (denying application for certificate of appealability); *Dowdy v. United States*, No. 01-2401 (8th Cir. Nov. 9, 2001) (same); *Dowdy v. United States*, No. 00-2698 (8th Cir. Aug. 11, 2000) (denying request to file successive § 2255); *Dowdy v. United States*, No. 00-2770 (8th Cir. Aug. 1, 2000) (denying application for certificate of appealability); *Dowdy v. United States*, No. 00-2717 (8th Cir. Aug. 1, 2000) (same); *Dowdy v. United States*, No. 00-1196 (8th Cir. Apr. 20, 2000) (denying request to file successive § 2255); *Dowdy v. United States*, No. 99-3084 (8th Cir. June 26, 2000) (same); *Dowdy v. Booker*, No. 97-1448 (10th Cir. Mar. 17, 1998) (affirming dismissal of petition for writ of habeas corpus); *Dowdy v. United States*, No. 95-2077 (8th Cir. May 16, 1995) (affirming dismissal of frivolous § 2255 petition).

career offender guidelines in calculating his sentence. *See also Harvey v. Cross*, No. 11-2004 (7th Cir. 2011); *Phillips v. Holinka*, No. 11-1178 (7th Cir. 2012). Petitioner previously raised this argument in at least two other § 2241 petitions, although he now cites different decisions in support of his argument. *See Dowdy v. Cross*, No. 3:10-cv-00624 (S.D. Ill. 2010) (Doc. 3); *Dowdy v. Cross*, No. 10-2786 (8th Cir. Oct. 29, 2010).

Second, petitioner challenges the district court's use of a formula that he refers to as a "money conversion innovation" to calculate the length of his sentence. He does not clearly define this phrase. However, petitioner alleges that his sentence under 21 U.S.C. § 841(b)(1)(A) could not lawfully exceed the statutory mandatory minimum of ten years unless he possessed more than 150 kilograms of drugs while drug trafficking (Doc. 1, p. 2). Petitioner was never convicted of this. He claims that the district court unlawfully converted his money to equivalent drug amounts when determining the length of his sentence, without hearing evidence that his money came from drug sales (Doc. 1, p. 3). Although it is unclear whether petitioner previously raised this argument, he could have--and should have--done so in one of his many prior petitions.

## DISCUSSION

Ordinarily, a person may challenge his federal conviction and sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A petition filed pursuant to 28 U.S.C. § 2241 by a federal prisoner is generally limited to

challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective, a petition challenging the conviction and sentence may be brought pursuant to 28 U.S.C. § 2241. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (A "prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). Except in rare instances, § 2255 motions are "adequate" to challenge the validity of an underlying conviction and sentence, even if the challenge is ultimately unsuccessful.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence, but this Court disagrees. With regard to his "illegal firearm enhancement" argument, Petitioner could have raised the argument in his direct appeal or in a § 2255 petition. The alleged lack of a factual or legal basis for the "firearm enhancement" was as apparent then as Petitioner argues that it is now. The same holds true for the district court's use of the "money conversion innovation" referred to by petitioner. The alleged lack of a legal basis for this sentencing formula was as apparent at the time of sentencing as petitioner claims that it is now. It is therefore doubtful that relief pursuant to § 2255 is inadequate or ineffective.

The Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255 in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). The Circuit states

that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport*, 147 F.3d at 611 (emphasis added). The Circuit clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Petitioner does not allege that his conduct is no longer a crime. He merely asserts that he is "innocent of a sentencing enhancement" based on possession of a firearm and the "money conversion innovation." As this Court previously explained, "'innocence of a sentencing enhancement' is only innocence in a 'technical sense,' which is insufficient to show that § 2255 is 'inadequate or ineffective' and, thus, allow a § 2241 petition by a federal prisoner." *Dowdy v. Cross*, No. 3:10-cv-00624 (S.D. Ill. 2010) (citing *Davenport*, 147 F.3d at 609-10) (Doc. 3, p. 4). In other words, even if the trial court misapplied the "firearm enhancement" or the "money conversion innovation" to petitioner, this is not tantamount to "actual innocence" of the underlying offense. *Id.*

Further, the fact that petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *Davenport*, 147 F.3d at 609-10 (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior §

2255 motion). In *Davenport*, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed on this basis, three additional conditions must also be met: (1) the change of law has to have been made retroactively by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." *Id*. at 611-12.

Petitioner fails to satisfy the requirements of *Davenport*. The petition cites no change of law that has been made retroactively applicable by the Supreme Court, beyond the changes petitioner unsuccessfully challenged in his prior § 2241 petitions. *See Dowdy v. Cross*, No. 3:10-cv-00624 (S.D. Ill. 2010) (Doc. 3); *Dowdy v. Cross*, N. 10-2786 (8th Cir. Oct. 29, 2010). The "new" Seventh Circuit decisions cited by petitioner do not lead the Court to a different conclusion. *See Brown v. Rios*, 696 F.3d 638 (7th Cir. 2012) and *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011). As a threshold matter, the Court notes that these decisions were issued by the Seventh Circuit, and petitioner was sentenced by a district court in another circuit. Even disregarding this, the decisions are more than a year old. A prisoner is not entitled to bring a § 2241 petition where he has

made § 2255 inadequate by missing the statute's one-year deadline. *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007). Petitioner's failure to file a timely § 2255 petition does not make § 2255 inadequate or ineffective.

It appears that § 2255 is neither inadequate nor ineffective to test the validity of petitioner's conviction and sentence. Consistent with *Davenport*, he cannot avoid the procedural limitations and requirements attendant to § 2255 motions by now raising a challenge to his conviction and sentence under § 2241. *Davenport*, 147 F.3d 605 (7th Cir. 1998*).* Accordingly, the petition shall be dismissed with prejudice.

## SANCTIONS

This Court is keenly aware of petitioner's prior attempts to challenge his conviction and sentence using the "illegal firearms enhancement argument" without any success. *See Dowdy v. Cross*, No. 10-3473 (7 Cir. 2011) (Doc. 17-1, p. 3) (citing *Dowdy v. Cross*, N. 10-2786 (8th Cir. Oct. 29, 2010). Relying on much of the same reasoning set forth above, this Court dismissed one prior § 2241 petition. *Dowdy v. Cross*, No. 10-3473 (7 Cir. 2011) (Doc. 17-1, p. 3). The Seventh Circuit upheld the decision. *Dowdy v. Cross*, No. 10-3473 (7 Cir. 2011) (Doc. 17-1). In the same Order, the Seventh Circuit admonished petitioner for filing an "excessive number of collateral attacks, all of which have been found meritless and one of which is a document identical to the § 2241 petition at issue." *Dowdy v. Cross*, No. 10-3473 (7 Cir. 2011) (Doc. 17-1, p. 3) (citing *Dowdy v. Cross*, N. 10-2786 (8th Cir. Oct. 29, 2010) (construing § 2241 petition

as application to file successive and denying request). The Seventh Circuit also warned petitioner that he would be sanctioned for future frivolous filings, consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). *Id.* Petitioner now makes the same frivolous argument again.

In addition, he asserts an argument that the "money conversion innovation" formula amounts to a misapplication of the sentencing guidelines. This argument should have been raised in an earlier petition. It is also frivolous.

As with his previous attempts to seek relief under § 2241, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims. He thus cannot raise these claims via a § 2241 petition. *See In re Davenport*, 147 F.3d 605 (7th Cir. 1998). The instant petition shall be dismissed with prejudice.

That leaves the matter of whether sanctions against petitioner are appropriate. In *Alexander*, 121 F.3d at 315-16, the Seventh Circuit imposed a monetary sanction as well as an order that future filings by the petitioner would be deemed denied on the thirtieth day unless the Court entered an order to the contrary. The Seventh Circuit relied on the principle that courts have "inherent powers to protect themselves from vexatious litigation." *Id*. at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). *Alexander* involved a prisoner's repetitive and redundant applications to the Seventh Circuit for leave to file a successive § 2255 action.

The Seventh Circuit has warned petitioner that his continued filing of claims that are clearly foreclosed or frivolous may subject him to sanctions

pursuant to *Alexander*. This warning did not deter petitioner from doing just that. This action is sanctionable under *Alexander* and also runs afoul of FEDERAL RULE OF CIVIL PROCEDURE 11(b)(1) and (2). Petitioner has consumed more than his share of valuable judicial resources in federal courts in Missouri, Kansas, Colorado, and Illinois, as well as appellate courts in the Seventh, Eighth, and Tenth Circuits.

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE,** no later than 21 days from the date of this Order (on or before **December 17, 2013**), why this Court should not find him in violation of Rule 11(b) and/or of the Seventh Circuit's warning against bringing further frivolous or foreclosed claims. If the Court finds that petitioner has failed to show cause why he should not be sanctioned, an order shall be entered that in the future, any further applications for habeas relief filed in this Court will be deemed dismissed with prejudice on the thirtieth day after such filing, unless the Court otherwise orders.

**Disposition**

The instant § 2241 petition is summarily **DISMISSED** with prejudice. The Clerk is **DIRECTED** to enter judgment accordingly.

If petitioner wishes to appeal the dismissal of this action, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he

will be liable for a portion of the $455.00[3] appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, another appeal may expose petitioner to additional sanctions in the discretion of the appellate court. A timely motion filed pursuant to FEDERAL RULE OF CIVIL PROCEDURE 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 26th day of November, 2013.

Digitally signed by David R. Herndon
Date: 2013.11.26 13:08:40 -06'00'

**Chief Judge
U.S. District Court**

---

[3] Effective December 1, 2013, the appellate filing fee will increase to $505.00.